NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4325-15T3

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS INDENTURE
TRUSTEE UNDER THE INDENTURE
RELATING TO IMH ASSETS CORP.,
COLLATERALIZED ASSET-BACKED
BONDS, SERIES 2005-4,

 Plaintiff-Respondent,

v.

RICHARD EDWARDS and
SIMONE EDWARDS,

 Defendants-Appellants.

__________________________________________

 Submitted September 11, 2017 – Decided October 11, 2017

 Before Judges Accurso and O'Connor.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Burlington County, Docket
 No. F-031556-10.

 Richard Edwards and Simone Edwards,
 appellants, pro se.

 Reed Smith LLP, attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM
 In this mortgage foreclosure action, defendants Richard

Edwards and Simone Edwards appeal from the May 27, 2016 General

Equity Part order, which rejected their objections to the entry

of a final judgment of foreclosure sought by plaintiff Deutsche

Bank National Trust Company, as indenture trustee to IMH Assets

Corporation. We affirm.

 In 2005, defendant Richard Edwards executed a note made

payable to Wells Fargo Bank, N.A. (Wells Fargo). Both

defendants subsequently executed a mortgage, which was secured

by investment property they owned. In 2010, defendants

defaulted on the note. Thereafter, Wells Fargo assigned the

mortgage to plaintiff and, five months later, plaintiff filed a

complaint in foreclosure.

 On June 15, 2012, the court granted plaintiff summary

judgment, and held plaintiff could request the entry of final

judgment of foreclosure from the Office of Foreclosure as an

uncontested matter. The matter was dismissed for three years

for lack of prosecution but, upon reinstatement of the complaint

in 2015, plaintiff filed for the entry of final judgment.

Defendants asserted various objections, but on May 27, 2016, the

court rejected those objections and a final judgment in

foreclosure was ultimately entered.

 2
 A-4325-15T3
 On appeal, defendants raise the following arguments for our

consideration: (1) plaintiff never acquired the loan and thus

did not have the authority to foreclose upon the subject

mortgage; (2) plaintiff had no standing to prosecute the action

in foreclosure because it never acquired the loan; (3) the

monthly mortgage payments were never applied to the principal

and interest of the loan; (4) the assignment of the mortgage is

void; (5) defendants were never indebted to Wells Fargo because

it never loaned them any money; (6) plaintiff is judicially

estopped from making certain representations; (7) the court's

conclusion the loan was "not a trust" is incorrect; (8) the

court failed to take judicial notice of certain facts; (9)

plaintiff's counsel engaged in misconduct; and (10) defendants

were denied due process because the court "classified"

defendants' matter as uncontested after the court entered

summary judgment in plaintiff's favor.

 As for arguments one through nine, defendants fail to

provide any support for the factual claims they assert in

support of their arguments. It their responsibility to provide

an adequate record for our review, see Rules 2:5-3, 5-4, 6-1,

and the failure to match their arguments with the record not

only undermines their arguments, but also hampers our review.

 3
 A-4325-15T3
 Moreover, defendants do not provide any authority for the

legal contentions upon which they rely. This omission,

compounded by the failure to provide factual support for the

arguments they raise, is tantamount to failing to brief the

issues asserted. The consequence of failing to brief an issue

is waiver of that issue on appeal. Fantis Foods v. N. River

Ins. Co., 332 N.J. Super. 250, 266-67 (App. Div. 2000); Pressler

& Verniero, Current N.J. Court Rules, comment 5 on R. 2:6-2

(2017). Because none of the issues raised was properly briefed,

they are waived.

 As for the last argument, the foreclosure action was only

deemed uncontested after plaintiff prevailed on its motion for

summary judgment. As that procedure is dictated by Rule 4:64-

1(c)(3), we find no error in the court returning the case to the

Office of Foreclosure to proceed as an uncontested matter.

 Affirmed.

 4
 A-4325-15T3